UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DJETTLO PROVENCE (A-244-410-627),<br>Petitioner,<br>v.<br>SECRETARY OF U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Respondents. | No. 1:26-cv-04523 DJC CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Djettlo Provence (A-244-410-627), a citizen and native of Haiti, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on February 23, 2024. Following an encounter with immigration officials, petitioner was paroled into the country and issued a Notice to Appear. During his time in the United States, petitioner has been arrested by local authorities on multiple occasions. On or about January 5, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that petitioner's claims challenging his detention pursuant to 8 U.S.C. § 1226(c) and the

[1] Petitioner is proceeding through counsel. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Administrative Procedure Act raised in the reply be dismissed without prejudice, the petition be granted as to petitioner's due process claim, and petitioner receive a bond hearing.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Haiti. (ECF No. 1 at 15.) Petitioner entered the United States on February 23, 2024. (Id. at 16.) Following an encounter with immigration officials, petitioner was paroled into the country on or around February 23, 2024. (Id.) On February 23, 2024, petitioner was issued a Notice to Appear and placed into Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings.[2] (Id. at 18-21.) The Notice to Appear charged petitioner under INA section 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an immigrant without a valid entry document. (Id. at 21.)

Petitioner has been arrested by local authorities on multiple occasions for different charges. (Id. at 23-34.) On January 2, 2025, petitioner was arrested for aggravated assault with a deadly weapon under Florida Statute 784.021(1)(a), resisting officer under Florida Statute 843.02, and assault on a specified personnel under Florida Statute 784.07(2)(a). (Id. at 29.) On October 21, 2025, petitioner was convicted of battery in violation of Florida Statute 784.03(1) based on his guilty plea. (Id. at 38-40.) On October 25, 2025, petitioner was convicted of assault on a specified personnel (law enforcement) in violation of Florida Statute 784.07(2)(a) based on his guilty plea. (Id. at 52.)

On or about January 5, 2026, petitioner was detained by ICE. (ECF No. 5-1 at 1.) Petitioner has been in continuous detention since that time. (ECF No. 1 at 11.) According to the government's official Executive Office for Immigration Review Automated Case Information website, petitioner's case is pending in immigration court.[3] See https://acis.eoir.justice.gov/en.

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

Petitioner has not had a bond hearing since his detention.[4] (ECF No. 16-1 at 2.)

## II. PROCEDURAL BACKGROUND

On June 8, 2026, petitioner filed the petition for writ of habeas corpus in the United States District Court for the Southern District of Florida. (ECF No. 1.) On June 10, 2026, the Southern District of Florida district court ordered this action transferred to the United States District Court for the Eastern District of California because petitioner was detained in the Eastern District of California. (ECF No. 6.) On June 12, 2026, the district court ordered respondents to file a response to the petition, and to identify any factual or legal issues that distinguish this case from the district court's prior orders and justify denying the petition, or indicating that this case is not substantively distinguishable. (ECF No. 10.) On June 17, 2026, respondents filed a return. (ECF No. 11.) On June 25, 2026, the district court noted that it "[b]ased on the information in the return, it is no longer clear that Petitioner is entitled to relief as required by 8 U.S.C. § 2243, as he may be subject to mandatory detention under 8 U.S.C. § 1226(c)." (ECF No. 12.) The district court referred this action to the appointing authority of the Eastern District of California to identify counsel for plaintiff and referred this matter to the assigned magistrate judge. (Id.) On July 2, 2026, counsel was appointed to represent petitioner. (ECF No. 13.) On July 31, 2026, this Court granted petitioner's motion to proceed in forma pauperis and ordered petitioner's response to the answer due by August 7, 2026 as requested by petitioner's counsel. (ECF Nos. 14, 15.) On August 7, 2026, petitioner filed a reply to the answer and a motion to amend the petition to name additional respondents, including the Warden of California City Correctional Center. (ECF Nos. 16, 17.) Respondents did not file an opposition to petitioner's motion to amend. (See Docket.) Briefing of the petition and motion to amend is now complete.

---

[4] In his verified declaration submitted in support of the reply, petitioner states that he has not had a bond hearing since his arrest. (ECF No. 16-1 at 2.) In an unverified pleading titled "Amended Petition" submitted in support of the original petition, petitioner states that he was denied bond. (ECF No. 1 at 11.) It appears that in the amended petition, petitioner claims that he was denied bond during state criminal proceedings. In the answer, respondents do not claim that petitioner has had a bond hearing since his detention by ICE on January 5, 2026. (ECF No. 11.) For these reasons, this Court finds that petitioner has not received a bond hearing following his detention on January 5, 2026.

## III. PETITIONER'S NAME AND MOTION TO AMEND

### A. Petitioner's Name

Court records identify petitioner as Provence Djettlo. (See Docket.) In the petition, petitioner states that his correct legal name is Djettlo Provence. (ECF No. 1 at 12.) The Notice to Appear identifies petitioner as Djettlo Provence. (ECF No. 11 at 18.) Good cause appearing, this Court will direct the Clerk of the Court to amend court records to reflect petitioner's correct name.

### B. Motion to Amend

Court records identify the respondents as Secretary of the U.S. Department of Homeland Security and "Warden."[5] (See Docket.) Petitioner filed a motion to amend the petition to name the following additional respondents: Warden, California City Correctional Center; Markwayne Mullin, Secretary of Homeland Security; and Todd Lyons, Acting Director of ICE. (ECF No. 17 at 1.) According to the government's official DHS United States Immigration and Customs Enforcement Online Detainee Locator System website, as of September 29, 2026, petitioner is currently held in the California City Immigration Processing Center.[6] See https//locator.ice.gov/odis.

The proper respondent for a § 2241 habeas petition is the warden of the facility where the petitioner is detained. See Doe v. Garland, 109 F.4th 1188, 1197 (9th Cir. 2024) (citing Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("Padilla set forth a clear rule requiring core habeas petitioners challenging their present physical confinement to name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition"). Naming the

---

[5] The petition names the Secretary of the Department of Homeland Security as respondent. (ECF No. 1 at 1.) In a document titled "Amended Petition" attached to the petition, petitioner names the Warden of the Krome Service Processing Center as a respondent. (Id. at 11.)

[6] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The U.S. Immigration and Customs Enforcement department maintains an Online Detainee Locator System and its website is an official website of the DHS of the United States Government. The address of this official website is https//locator.ice.gov/odis.

appropriate respondent has jurisdictional implications. See id. at 1194–95 (finding "failure to name the Facility Administrator renders the district court's exercise of jurisdiction erroneous."). In addition, the government did not file an opposition or response to the motion to amend, which is interpreted as a non-opposition.

Good cause appearing, petitioner's motion to amend the petition to name as respondents the Warden of the California City Correctional Center and Todd Lyons, Acting Director of ICE, is granted. Because the Secretary of the U.S. Department of Homeland Security is already named as a respondent, petitioner's request to name Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, as an additional respondent is denied as unnecessary

## IV. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## V. DISCUSSION

The pro se petition raises four claims for relief, which all challenge petitioner's detention as violations of the Constitution. (ECF No. 1 at 6-7.) In the document titled "Amended Petition" attached to the petition, petitioner states that he is challenging his continued detention under the Fifth Amendment Due Process Clause. (Id. at 11-13.) Because petitioner filed the petition pro se, and pro se pleadings are liberally construed, the Court construes petitioner's claims challenging his detention on constitutional grounds as raising a claim for prolonged detention in

violation of the Fifth Amendment Due Process Clause. In the answer, respondents construe the petition to raise a Fifth Amendment due process claim. (ECF No. 11 at 9-12.) Therefore, there is no prejudice to respondents in the Court's construction. Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) and 8 U.S.C. § 1226(c). (Id. at 2-9.) Respondents argue petitioner should be required to challenge whether he is subject to mandatory detention under § 1226(c) in a Joseph hearing. (Id. at 9 (citing Matter of Joseph, 22 I & N Dec. 799 (BIA 1999).) Respondents further argue that petitioner's continued detention does not violate due process. (Id. at 9-12.)

**A. Due Process Claim**

1. Statutory Basis for Detention

In analyzing petitioner's challenge to his detention, the Court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). Respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1) and 8 U.S.C. § 1226(c).

Respondents' argument that petitioner is subject to detention pursuant to § 1225(b)(1) fails. Section 1225(b)(1) expressly does not apply to non-citizens who have been paroled into the United States. 8 U.S.C. § 1225(b)(1)(A)(iii)(II). Respondents' own records indicate that petitioner was paroled into the United States. (ECF No. 11 at 16.) Respondents also appear to make a general "applicant for admission" argument under § 1225(b), an argument the Ninth Circuit rejected in an opinion issued after respondents' return was filed. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026).

8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who may not be released under § 1226(a)," mandating detention for an alien apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (emphasis in original). Section 1226(c) mandates detention of any noncitizen who is inadmissible under sections 1182(a)(6)(A), 1182(a)(6)(C), or 1182(a)(7), and is "charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault

of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person, when the [noncitizen] is released, without regard to whether the [noncitizen] is released on parole, supervised release, or probation, and without regard to whether the [noncitizen] may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1)(E).

For the purposes of determining the statutory basis for detention for this habeas petition only, the Court agrees with respondents that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E) based on his conviction for violating Florida Statute 784.07(2)(a), assault on a law enforcement officer. (ECF No. 11 at 5-6.) Respondents also argue that petitioner should be required to exhaust any claim that he is not subject to detention pursuant to 8 U.S.C. § 1226(c) by seeking a Joseph hearing. (Id. at 9.) In the counseled reply, petitioner argues that he is not subject to mandatory detention under 8 U.S.C. § 1226(c) on two grounds. (ECF No. 16 at 2-3.)

Petitioner first argues that as a refugee with an asylum claim, he is exempt from being inadmissible under 8 U.S.C. § 1182(a)(7) and therefore, not subject to mandatory detention under 8 U.S.C. 1226(c). (ECF No. 16 at 2-3 (citing Pacito v. Trump, 169 F.4th 895 (9th Cir. 2026)).) A "refugee" has a specific definition under immigration law: "a person who (1) 'is outside any country of such person's nationality' and (2) 'is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country' (3) 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Pacito, 169 F.4th at 910 (quoting 8 U.S.C. § 1101(a)(42)). In support of this claim, petitioner cites Pacito v. Trump, where plaintiffs argued that Executive Order No. 14613's suspension of the refugee program violated the Refugee Act of 1990 and that defunding of the United States Refugee Admissions Program ("USRAP") violated the Administrative Procedure Act. See ECF No. 16 at 2-3; Pacito, 169 F.4th at 907. Petitioner quotes the following sentence from Pacito: "Specifically, refugees may not be deemed inadmissible because they …do not possess a valid visa or other entry document under § 1182(a)(7)(A)." (ECF No. 16 at 2 (quoting Pacito, 169 F.3d at 911).) Petitioner's argument

fails. Petitioner does not cite anything to support his assertion that he is a refugee or present any argument that he meets the definition of "refugee" under 8 U.S.C. § 1101(a)(42). (See ECF No. 16 at 2-3.) In addition, the record contains no evidence supporting petitioner's refugee claim.

Petitioner alternatively argues that a conviction under Florida Statute 784.07(2)(a) is not a qualifying offense under 8 U.S.C. § 1226(c)(1)(E) because the Florida statute applies when a person commits an assault *or* battery. (Id. at 3.) Petitioner's argument fails because the record indicates petitioner was convicted of assault in violation of Florida Statute 784.07(2)(a), not battery. (See ECF No. 11 at 52.) This Court also observes that for purposes of 8 U.S.C. § 1226(c)(1)(E), the term "assault of a law enforcement officer" has the meaning given in the jurisdiction in which the act occurred. 8 U.S.C. § 1226(c)(2). Florida law describes an assault as, "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Florida Statute 784.011.

To the extent petitioner challenges his detention under 8 U.S.C. § 1226(c) in his reply, this claim should be dismissed based on petitioner's failure to exhaust administrative remedies.[7] Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in

---

[7] The Court notes that though the pro se petition did not challenge his detention pursuant to § 1226(c), petitioner responded in his reply to respondents' return asserting mandatory detention pursuant to § 1226(c).

court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies as to his challenge to detention pursuant to § 1226(c). See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Joseph hearing was pending). At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

In the reply, petitioner argues that he should not be required to exhaust administrative remedies because he presents a constitutional challenge to his detention, which is better suited to review by the federal courts. (ECF No. 16 at 9.) This Court is not persuaded by this argument because petitioner's failure to exhaust administrative remedies does not prevent this Court from addressing the due process claim raised in the petition. Petitioner also argues that he should not be required to exhaust administrative remedies because administrative exhaustion could take months. (Id.) Petitioner argues that several courts have found that continued detention after an adverse bond determination constitutes irreparable injury. (Id.) In the cases cited by petitioner,

the courts waived the administrative exhaustion requirement where the petitioners challenged the results of bond hearings. (Id. at 9-10 (citing Miri v. Boni, 2026 WL 622302, at *10 (C.D. Cal. Mar. 5, 2026); W.T.M. v. Bondi, 2026 WL 262583, at *3 (W.D. Wash. Jan. 30, 2026); C.A.R.V. v. Wofford, 2026 WL 241823, at *5 n. 7 (E.D. Cal. Jan. 29, 2026); Loba L.M. v. Andrews, 2026 WL 710307, at *5 (E.D. Cal. Mar. 13, 2026)). In this action, petitioner challenges his detention pursuant to 8 U.S.C. § 1226(c) rather than the results of a bond hearing. Because the record does not indicate that petitioner has requested a Joseph hearing, this Court cannot find that any potential delay caused by the request for a Joseph hearing warrants excusing the administrative exhaustion requirement. Petitioner also argues that he should be excused from administrative exhaustion because he would not be able to competently handle a Joseph hearing because he speaks minimal English, knows virtually nothing about immigration law and lacks the resources to hire competent counsel to represent him in connection with his ongoing immigration proceedings. (ECF No. 16 at 10.) This Court is sympathetic to petitioner's circumstances. However, many immigration detainees are in the same circumstances as petitioner. Petitioner's minimal English speaking skills, ignorance of the law and lack of resources to hire counsel do not warrant excusing the administrative exhaustion requirement.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). This Court finds that petitioner's claim challenging his mandatory detention under § 1226(c) raised in the reply should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

**B. Prolonged Detention**

Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States…therefore is not statutorily entitled to a bond hearing." Avila v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see U.S.C. § 1226(c)(1); Jennings, 583 U.S. at 303.

That does not end the inquiry because petitioner has raised a due process claim. While the

Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avila, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al.,

No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The Court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained for almost nine months since January 2026 and faces prolonged detention during his proceedings in immigration court and possible appeal to the Board of Immigration Appeals ("BIA") and further potential judicial review. This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the Court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews v. Eldridge, 424 U.S. 319 (1976), to due process challenges to

removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[8] Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The length of future detention is unknown and indefinite where petitioner's case is still pending in immigration court, and petitioner may appeal that decision to the BIA and seek further judicial review. The record also contains no information regarding whether petitioner or the government contributed to any delays in petitioner's pending immigration case. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in

[8] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Matthews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained for almost nine months without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. (ECF No. 16-1 at 2.) It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger given his criminal history or a flight risk.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for almost nine months and the length of his future detention is unknown where his case is pending before the immigration court from which petitioner may seek an appeal in the BIA and further judicial review. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

## VI. PETITIONER'S REMAINING CLAIMS

To the extent the petition raises constitutional claims beyond the Fifth Amendment Due Process Clause claim discussed above, this Court need not address these additional claims because petitioner is entitled to relief on the claim discussed above. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in

the Petition for seeking release.”).

In the reply, petitioner raises a new claim: violation of the Administrative Procedure Act. (ECF No. 16 at 10-12.) This Court will not consider this new claim because it is improperly raised in the reply and petitioner is entitled to relief on his due process claim. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (explaining that “[a] [t]raverse is not the proper pleading to raise additional grounds for relief). Accordingly, petitioner’s Administrative Procedure Act claim raised in the reply should be dismissed without prejudice.

## VII. CONCLUSION

In summary, the Court recommends that petitioner’s claims challenging his detention pursuant to 8 U.S.C. § 1226(c) and the Administrative Procedure Act raised in the reply be dismissed without prejudice, and the petition for writ of habeas corpus be granted as to petitioner’s due process claim.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to amend court records to reflect petitioner’s correct name: Djettlo Provence.

2. Petitioner’s motion to amend (ECF No. 17) is granted in part. The Clerk of the Court is directed to amend court records to reflect the following additional respondents: Warden, California City Correctional Center, and Todd Lyons, Acting Director of ICE.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner’s claims in the reply challenging his detention pursuant to 8 U.S.C. § 1226(c) and the Administrative Procedure Act be dismissed without prejudice.
2. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to petitioner’s prolonged detention due process claim.
3. Respondents be ordered to provide petitioner Djettlo Provence (A-244-410-627) with a bond hearing before an immigration judge/neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify his continued detention.

Respondent must provide petitioner with at least **seven (7) days'** notice of the bond hearing.

4. The Clerk of the Court be directed to enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 1, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Prov4523.157.imm.BOND/2